IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. KIKER, M.D., and
REITA K. KIKER,

    Plaintiffs,

v.                                                     Civ No. 10-830 LH/RLP

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES
CORPORATION, ROSWELL CLINIC
CORPORATION, ROSWELL HOSPITAL
CORPORATION, d/b/a EASTERN NEW
MEXICO MEDICAL CENTER, INC., and
JOHN DOES 1-10,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Remand (Docket No. 6), filed on October 7, 2010. The Court, having considered the motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Plaintiffs' motion is well taken and will be **granted in its entirety, including its request for just costs and actual expenses.**

**Procedural Background**

Plaintiffs commenced this action on July 19, 2010, in state district court. In Count I of their two count Complaint for Breach of Employment Contract and Misrepresentation ("the Complaint"), Plaintiffs alleged that: Dr. Kiker and Defendants entered into a duly executed written contract ("Employment Agreement") whereby Dr. Kiker agreed to provide urology services to patients at

1

institutions operated or managed by Defendants (Compl. ¶ 34); that the Employment Agreement included an agreed-upon rate of pay, the maximum number of hours that Dr. Kiker could work, and that Dr. Kiker would continue to be enrolled in Defendants' employee welfare and pension benefit plans (*Id*. at ¶ 35); that such welfare and pension benefit plans included a policy of long-term disability insurance through a Sun Life Assurance Company of Canada ("Sun Life") policy; that Dr. Kiker continued to work until approximately August of 2009, at which time he became permanently disabled from working (*Id.* at ¶¶ 36, 37); that Dr. Kiker has not received any long-term disability benefits, contrary to the promise of Defendants (*Id*. at ¶ 38)[1]; that Defendant's failure to provide

---

[1] Plaintiffs allege that Sun Life denied Dr. Kiker's application for benefits because it determined that, under the Sun Life disability policy language, Dr. Kiker was not a "participant" or "beneficiary" of the plan because he did not work enough hours per month (Compl. ¶¶ 23-24). Plaintiffs' Complaint notes that, despite an attempt by Defendants to get Sun Life to include additional vacation, sick and holiday leave time in the calculation of total time that Dr. Kiker worked from November 2008 through August of 2009, Sun Life concluded that Dr. Kiker was not scheduled to work twenty hours per week as required by the Policy, and that therefore Dr. Kiker was not in an "Eligible Class" of employees covered under the Policy. (Compl. ¶¶ 26, 29). In their Answer, Defendants affirmed Sun Life's denial of Dr. Kiker's claim for disability benefits, but denied the other specific allegations of Paragraph 29 of the Complaint. Later in the Answer, Defendants affirmatively stated that Dr. Kiker did not meet eligibility for the benefits sought as decided by Sun Life. (Ans. ¶ 57).

such disability benefits constitutes a breach of the Employment Agreement (*Id.* at ¶ 39); and that as a result of Defendants' breach of contract, Plaintiffs have incurred and will continue to incur substantial monetary damages (*Id.* at ¶¶ 40, 41).

In Count II of their Complaint, Plaintiffs alleged that: Defendants misrepresented to Dr. Kiker that he would be eligible to receive disability benefits through the Sun Life policy, despite his change of employment status with Defendants from full-time to part-time, pursuant to the Employment Agreement (*Id.* at ¶ 43); that Defendants had no reasonable ground to believe that these misrepresentations were in fact true and that they knew or should have known that they were false when made, or were made recklessly and in willful and wanton disregard of Dr. Kiker's rights (*Id.* at ¶¶44, 45); that such misrepresentations by Defendants were made with the intent that Dr. Kiker would rely upon such misrepresentations in deciding whether or not he would enter into the Employment Agreement, and that Dr. Kiker was induced to enter into the Employment Agreement by virtue of these misrepresentations (*Id.* at ¶¶ 46, 47); and that Dr. Kiker's reliance on these misrepresentations was reasonable under the circumstances (*Id.* at ¶ 49). Plaintiffs' Complaint does not bring any claims or assert any rights arising under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq.*. Plaintiffs' Motion for Remand specifically states that their Complaint "is not premised upon an alleged wrongful denial of disability benefits by Sun Life. In fact, Sun Life is not even named as a defendant to Plaintiffs' lawsuit. Instead, Plaintiffs' claims rest upon misrepresentations and a breach, by Defendants, of the

terms of the new Employment Agreement." Mot. at 5.[2] Plaintiffs contend that Defendants knew or should have known that Dr. Kiker would not be working sufficient hours to qualify as a "participant" or "beneficiary" under the benefit plan.

On September 7, 2010, Defendants filed their Notice of Removal (Docket No. 1) in this Court, on grounds of complete preemption by ERISA. (Not. of Rem. ¶ 8). On October 7, 2010, Plaintiffs served Defendants with their Motion for Remand (Docket No. 6). On October 21, 2010, Defendants' Opposition to Plaintiffs' Motion to Remand (Docket No. 10) was filed. An order staying this matter, pending resolution of the immediate motion was filed on October 28, 2010 (Docket No. 12). Plaintiff's Reply in Support of Motion for Remand (Docket No. 14) was filed on November 10, 2010.

Plaintiffs' motion seeks a remand of this action to state court due to a lack of subject matter jurisdiction in this Court, on grounds that there is no ERISA subject plan at issue, and thus, no preemption or federal question. Specifically, they argue that the fact that their Complaint references the Sun Life disability policy does not convert their state law-based claims into federal questions arising under the terms of ERISA. Plaintiffs argue that because Dr. Kiker's claims are not to recover benefits due to him under the terms of the Sun Life plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan, his claims do not fall under § 502(a) of ERISA, and therefore are not completely preempted by ERISA. Accordingly, Plaintiffs contend that removal was inappropriate, and without a fair or objectively reasonable basis.

"Complete preemption" under ERISA is Defendants' stated basis for removing this case to

---

[2] Plaintiffs' only reference to ERISA in their Complaint is found in Paragraph 15, where Plaintiffs state that the Sun Life Group Long Term Disability Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA.

federal court (Not. of Rem. ¶ 8).  Specifically, Defendants contend that because Dr. Kiker was a "participant and beneficiary in the ERISA plan, Plaintiffs' claims could have been brought under ERISA's civil enforcement provision and are therefore completely preempted." (*Id*. ¶ 13).

**Legal Standards**

Removal statutes are to be strictly construed, with all doubts resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Laughlin v. Kmart*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").  The defendant has the burden of establishing federal jurisdiction when it seeks to remove a case and must prove the grounds necessary to support removal when the plaintiff moves to remand the case.  16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 107.41[1][e][i] (3d ed. 2010).

A civil action filed in a state court may be removed to federal court if the claim arises under federal law.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); 28 U.S.C. § 1441(b).  "To determine whether the claim arises under federal law, [the court examines] the 'well pleaded' allegations of the complaint and ignore[s] potential defenses[.]" *Beneficial Nat'l Bank v. Anderson*, 539 U.S. at 6.  "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. at 6.

The doctrine of complete preemption is "an exception or 'independent corollary' to the well-pleaded complaint rule."  *Felix v. Lucent Technologies, Inc*., 387 F.3d 1146, 1154 (10th Cir. 2004).

"When the doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.' " *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996)(quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 633-64 (1987). The *Metropolitan Life Insurance* case concluded that Congress "has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502 removable to federal court." *Id*. at 66. Thus, the complete-preemption doctrine allows the removal of state actions that fall within the scope of § 502(a), 29 U.S.C. § 1132, ERISA's civil-enforcement provision. *See Felix v. Lucent Technologies, Inc*., 387 F.3d at 1156 ("a state law claim is only 'completely preempted' under [*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58] if it can be recharacterized as a claim under § 502(a).") This section provides a cause of action to any plan beneficiary or participant "to recover benefits due to him under the terms of [a pension] plan, to enforce his rights under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

"[D]efendants seeking removal under the doctrine of complete preemption bear a significant burden. They must establish congressional intent to extinguish similar state claims by making the federal cause of action exclusive. And as [courts] must construe removal strictly, reasonable doubts must be resolved against the complete preemption basis for it." *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir.2005).

To come within the complete preemption exception to the well-pleaded complaint rule, a court must, therefore, conclude that the state-law claim "should be characterized as a superseding ERISA action 'to recover benefits due to [the plaintiff] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the

plan,' as provided in § 1132(a)(1)(B)." *Wright v. Gen'l Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001).

In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2003), the Supreme Court set forth the test for finding complete preemption:

> [W]here the individual is entitled to such [claimed] coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of " ERISA § 502(a)(1)(B). *Metropolitan Life, supra,* at 66, 107 S.Ct. 1542. In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

**Analysis**

Applying this test, the Court concludes that ERISA does not completely preempt Plaintiffs' Complaint for Breach of Employment Contract and Misrepresentation. This Complaint is not removable, because it is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits – it is a lawsuit that alleges "other independent legal dut[ies] that [are] implicated by defendants['] actions." *Id*. Specifically, Plaintiffs' claims are for breach of an employment contract and misrepresentation, which resulted in Dr. Kiker not being eligible for disability coverage with Sun Life, and therefore not receiving long-term disability benefits. It is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits by Sun Life. Plaintiffs' claims are independent of an ERISA plan, and relate to the contractual relationship between the parties, as determined by state law.[3] These state law

---

3

ERISA does not preempt all state law claims. *See Woodworker's Supply, Inc. v. Principal Mutual. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir. 1999). It has no bearing, for example, on those "which do [] not affect the 'relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' as such." *Id*. (quoting *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.*, 944

claims are not completely preempted because they cannot be re-characterized as claims under § 502.

Plaintiffs seek to recover damages caused to them by an alleged breach of contract and misrepresentation by Defendants, relating to Dr. Kiker's being provided with disability coverage, not to "to recover benefits due to him under the terms of [a pension] plan, to enforce his rights under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Plaintiff's claims do not fall within the scope of ERISA's civil enforcement provisions. It is noteworthy that neither Plaintiffs nor Defendants assert any legal claims against Sun Life, attempting to enforce rights of Dr. Kiker to disability benefits. Neither party contends that Sun Life has violated its disability policy. It appears to be undisputed that Sun Life's position is that because Dr. Kiker was not scheduled to work at least twenty hours per week as required by the policy, that he was not in an eligible class of employees covered under the policy.

Rather, what is at issue here is an alleged independent legal duty of Defendants to ensure that Dr. Kiker was eligible for disability insurance. This is the Court's conclusion,

---

F.2d 752, 756 (10th Cir. 1991).
       In analyzing ERISA preemption, the Supreme Court noted that it is helpful to look at the "objectives of ERISA as a guide to the scope of state law that Congress understood would survive." *New York State Conference of Blue Cross & Blue Shield v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). In enacting ERISA, one of the intentions of Congress was to protect the interests of participants in employee benefits plans and their beneficiaries. 29 U.S.C. § 1001(b). As admitted by Defendants in Defendants' Original Answer to Plaintiffs Complaint, ¶ 57 (Docket No. 2), "Dr. Kiker did not meet eligibility for the benefits sought as decided by Sun Life." Defendants also noted in their brief in response to Plaintiffs' Motion to Remand (Docket No. 10), that to be a participant under § 502, an employee or former employee must be someone who is eligible or who may become eligible to receive an employee benefit under an employee benefit plan. (Resp. at 4). By Defendants' own admissions, it is clear that Dr. Kiker cannot be considered to be a "participant" in the Sun Life disability insurance plan, *i.e.*, someone who could be considered as being subject to the protection of ERISA. Consequently Dr. Kiker's state law claims must not be preempted.

despite mention in the pleadings and in the Notice of Removal to the effect that, subsequent to Sun America's denial of disability benefits to Dr. Kiker, Defendants informed Sun America that Defendants had made a mistake in reporting the number of hours that Dr. Kiker had worked.  To reiterate, the posture of this case does not include a claim by Dr. Kiker, seeking to enforce his rights under the terms of the plan, nor have Defendants attempted to bring Sun Life into this lawsuit.

A claim falls within ERISA's civil enforcement scheme when it is based solely on legal duties created by ERISA or the plan terms, rather than some other independent source – in this case, allegedly the promises made by Defendants to Dr. Kiker.  *See Aetna Health Inc. v. Davila*, 542 U.S. at 210.  The state-law claims asserted in this case are not based on an actual obligation under the ERISA plan, but are based on "other independent legal duties," as discussed in the *Aetna* case.

For these reasons, the Court concludes that ERISA does not completely preempt Plaintiff's state law claims.  Accordingly, the Court concludes that it has no subject matter jurisdiction in this matter and accordingly, Plaintiffs' Motion to Remand shall be **granted**.

**Attorney Fees and Costs**

Plaintiffs have requested an award of costs, expenses and reasonable attorney's fees incurred as a result of what they characterize as an "inappropriate removal."  Section (c) of 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  There is no presumption to

award fees or not to award them. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 141.

In opposition to Plaintiffs' request for just costs and actual expenses, Defendants state that their brief filed in opposition to Plaintiffs' Motion for Remand illustrates their objectively reasonable basis for seeking removal, especially because Plaintiffs' Complaint itself raises ERISA. Despite arguing that Dr. Kiker should be considered as being within the eligible class of participants under the Plan, Defendants neither make claims that Sun Life is in breach of its disability policy, nor do they make any claims whatsoever against Sun Life. There is simply no objectively reasonable basis to conclude that the state law claims in this matter should be characterized as a superseding ERISA action, and thus be removable. Defendants lacked an objectively reasonable basis for seeking removal, and accordingly, payment of just costs and actual expenses, including attorney fees, incurred as a result of removal to this Court shall be awarded.

The parties are hereby granted ten (10) days from entry of this Memorandum Opinion and Order in which to agree upon a reasonable amount that Defendants will pay in costs and actual expenses, including attorney fees. If the parties can agree upon this amount, they shall submit a stipulated order, awarding these costs and actual expenses to Plaintiffs, within ten (10 days). If the parties are unable to agree upon an amount, within fifteen (15) days from entry of this Memorandum Opinion and Order, Plaintiffs shall submit detailed records to the Court, substantiating the amount of costs and actual expenses incurred, including time spent for the preparation and submission of their cost and expense records

to the Court. Defendants shall then have seven (7) days, following Plaintiffs' submission, in which to file a response with the Court. Following its determination of the costs and actual expenses, the Court will enter an order remanding this matter to state court.

**WHEREFORE,** Plaintiffs' Motion for Remand (Docket No. 6) is hereby **granted.**

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**