IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. KIKER, M.D., and
REITA K. KIKER,

      Plaintiffs,

v.                                                                                                  CIV No. 10-830 LH/RLP

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES
CORPORATION, ROSWELL CLINIC
CORPORATION, ROSWELL HOSPITAL
CORPORATION, d/b/a EASTERN NEW
MEXICO MEDICAL CENTER, INC., and
JOHN DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Opposed Rule 59(e) Motion to Alter or Amend the Court's Order Granting the Plaintiffs' Motion to Remand (Docket No. 21).  The Court has reviewed Plaintiffs' response brief filed in opposition to this motion, as well as the reply brief, filed on April 19, 2011, and applicable legal authorities.  For the following reasons, the Court concludes that this motion is not well taken and shall be **denied**.

**Legal Standards**

This motion was timely filed, on the 28th day after this Court's Memorandum Opinion and Order was filed on February 8, 2011.  FED.R.CIV.P. 59(e).  Broadly, a motion to alter or amend a judgment is appropriate where it seeks a re-examination of matters properly encompassed within

1

the trial court's decision on the merits. *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982). The Court's February 8, 2011 ruling (Docket No. 16) is the type of decision that may properly be challenged by this type of motion, given this Court's delay in entering a formal order remanding this case until it had determined the cost and fee issue.

The case law acknowledges four grounds that justify altering or amending a judgment: to incorporate an intervening change in the law, to reflect new evidence, to correct a clear legal error, and to prevent a manifest injustice. Thus, for example a Rule 59(e) motion was considered to be appropriate where the court misunderstood the facts, a party's arguments, or the controlling law. *See Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

**Prior Memorandum Opinion and Order**

The Court remanded this case to state court and held that Plaintiffs' claims were not completely preempted, based on these conclusions: (1) The Complaint for Breach of Employment Contract and Misrepresentation is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits – it is a lawsuit that alleges "other independent legal dut[ies] that [are] implicated by defendants['] actions (citation omitted) . . . Plaintiffs' claims are independent of an ERISA plan, and relate to the contractual relationship between the parties, as determined by state law." MEM.OP. AND ORDER, Docket No. 16 at 7. (2) Plaintiffs' state law claims are for breach of an employment contract and misrepresentation, which allegedly resulted in Dr. Kiker not being eligible for disability coverage with Sun Life, and therefore in his not receiving long-term disability benefits. *Id*. (3) This is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits by Sun Life. *Id*. (4) Plaintiffs' state law claims are not completely preempted because they cannot be re-characterized

as claims under 29 U.S.C. § 1132(a), ERISA's civil-enforcement provision. *Id*. at 7-8.[1] (6) It is undisputed that Sun Life's position was that Dr. Kiker was not in an eligible class of employees covered under the policy, because he was not scheduled to work at least twenty hours per week as required by the policy. *Id*. at 8. A key element of the Court's analysis was that Dr. Kiker, with his limited number of hours worked, would never become *eligible* to receive long term disability benefits under the ERISA plan, and so does not have a colorable claim that he will prevail in a suit for these types of benefits under ERISA. Consequently he could not be considered a "participant" in the long term disability policy and was therefore not subject to the protection of ERISA.

**Arguments of the Parties**

Defendants ask this Court to vacate its Memorandum Opinion and Order under Rule 59(e) "in order to prevent manifest injustice and to correct clear errors of fact that resulted in the Court basing its decision on incorrect information." Defs.' Mot. at 2. The Court will consider this as an argument that there is new evidence that the Court should consider in order to avoid manifest injustice.

Specifically, Defendants note that they mistakenly and incorrectly identified the Sun Life Long Term Disability ("LTD") Policy as the relevant ERISA plan at issue. They contend that, unbeknownst to them at the time of removal, Dr. Kiker was a participant of the CHS/Community Health Systems, Inc. Welfare Benefit Plan ("CHS Plan"). The Court had relied on what it considered to be an admission by Defendants in their Answer that Dr. Kiker did not qualify as a

---

[1] This section states that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . ." 29 U.S.C. § 1132(a)(1)(B).

participant under the Sun Life LTD Policy; in the motion to reconsider, Defendants now submit that the Court's conclusion that Dr. Kiker is not a "participant" is erroneous, apparently because he was a participant of the CHS Plan.

Defendants argue that the CHS Plan provides a number of different welfare benefits, including medical, dental, vision, and disability insurance, to its eligible participants, including the Sun Life LTD Policy. Defs.' Mot. at 6. The Sun Life LTD Policy, according to Defendants, is a "vehicle" by which CHS/Community Health Systems, Inc, and its affiliated employers, including Roswell Clinic Corporation, have chosen to fund disability benefits under the Plan. Defs.' Mot. at n. 3. Defendants attach enrollment forms for Dr. Kiker for Plan years 2008-2010, which they argue clearly establish his participation in the Plan. They claim that when they "enrolled" Dr. Kiker for long term disability coverage, they fulfilled their obligations to him under the part-time Employment Agreement. Defs.' Mot. at 3.

Defendants contend that, when Plaintiffs' claims are considered in the context of the correct benefit plan structure, it becomes apparent that Plaintiffs' claims are completely preempted by ERISA and properly removable to this Court. They argue that because Dr. Kiker was a participant in the CHS Plan and enrolled in a number of different benefit programs, including long-term disability benefits, his claims cannot be construed as a breach of contract claim or misrepresentation claim under the Employment Agreement, but must be evaluated in terms of some alleged breach of the terms of the Plan.

Plaintiffs do not dispute that Defendants enrolled Dr. Kiker in the CHS Plan but argue that this does not render Dr. Kiker a "participant" or "beneficiary" of the Sun Life LTD Policy, because he would never work sufficient hours under his employment agreement to become eligible to receive benefits, should he become disabled.

**Analysis**

Paragraph 8.2 of the part-time Employment Agreement, Compl., Ex. A, states that "Physician shall be allowed to participate in the employee welfare and pension benefit plans. . . ." Despite Defendants' attempts to muddy the waters, the Court concludes: (1) that the Sun Life LTD Policy is the document that defines which of Defendants' employees can be a "participant" in and a "beneficiary" of disability benefits under the CHS Plan[2]; (2) Dr. Kiker does not qualify to be a "participant" or "beneficiary" of disability benefits under the CHS Plan; and, (3) ERISA does not preempt Plaintiffs' claims. The long term disability benefit is the only type of benefit at issue in this case.

The determination of whether or not a plaintiff is considered to be a participant is involved in the concept of whether or not a plaintiff has standing to bring a civil suit under ERISA. As noted above, a civil action under ERISA may be brought by a "participant" in or "beneficiary" of an ERISA plan. 29 U.S.C. 1132(a). A "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of" an ERISA plan. *Id*. § 1002(7). A former employee, such as Dr. Kiker, qualifies as a participant under ERISA if he has a "reasonable expectation of returning to covered employment or a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989). As noted in this Court's Memorandum Opinion and Order at 8 (Docket No. 16), it appears to be undisputed that Sun Life's position is that because Dr. Kiker was not scheduled to work at least twenty hours per week as

---

[2] According to the CHS Plan, an employee is only eligible to actually "participate" in the Plan if s/he meets the requirements for coverage as set forth in the documentation of benefits referenced in Appendix A to the Plan. *See* Docket No. 21-2 at 8. The Sun Life LTD Policy is one of the incorporated documents referenced in Appendix A to the CHS Plan. *See* Docket No. 21-2 at 25. In other words, the terms of the Sun Life LTD Policy were incorporated into the CHS Plan, and these terms provide that Dr. Kiker was excluded from coverage because he was not, at all times material, a "Part-Time Employed Physician[]" . . . "scheduled to work at least 20 hours per week." *See* Docket 21-5 at 5.

required by the policy, he was not in an eligible class of employees covered under the policy. The fact that Dr. Kiker was enrolled in the CHS Plan is not the dispositive fact. Rather, because Dr. Kiker has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, he was therefore not a "participant" as defined by ERISA. For these reasons, this Court lacks jurisdiction and the Plaintiffs' state law claims are not preempted. *See Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995).

Defendants attempt to argue against the merits of Plaintiffs' breach of contract and misrepresentation claims. Defs.' Mot. at 6. These arguments must be addressed by the state court.

Defendants' motion for reconsideration does not establish any of the four grounds, under Rule 59(e), sufficient to justify alteration or amendment of this Court's prior opinion. Dr. Kiker was not a participant in an ERISA plan, as defined by 29 U.S.C. § 1132(a), and therefore does not have standing to bring a civil suit for benefits under the plan. This Court lacks subject matter jurisdiction over the Plaintiff's action, and ERISA does not preempt the Plaintiffs' state law claims.

**WHEREFORE, IT IS HEREBY ORDERED** that Defendants' Opposed Rule 59(e) Motion to Alter or Amend the Court's Order Granting the Plaintiffs' Motion to Remand (Docket No. 21) is **denied**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**